IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CASEY MORGAN AND JIMMY WARD                                   PLAINTIFFS

vs.                              CIVIL ACTION NO. 5:22-CV-89-DCB-BWR

JOSEPH LOGAN SEWELL, JR;
SEWELL INVESTMENTS, LLC;
LOGAN N. SEWELL; COLORADO BUCK
FAMILY, LP; HARD TIMES PLANTATION, INC.;
MOSS GROVE PLANTATION, LLC.                                   DEFENDANTS

ORDER

BEFORE THE COURT is Defendants' Motion to Change Venue pursuant to 28 U.S.C. § 1404 ("Motion"). [ECF No. 9]. The Court, having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.  Factual & Procedural Background

On November 4, 2022, Plaintiffs Casey Morgan and Jimmy Ward ("Plaintiffs") filed suit against Defendants Joseph Sewell, Jr., Logan Sewell, Sewell Investments, LLC, Colorado Buck Family, LP, Hard Times Plantation, Inc., and Moss Grove Plantation, LLC ("Defendants"). [ECF No. 1]. Plaintiffs intend to enforce a contract in which Defendants purchased their stock in Bigfoot Land Services, Inc ("Bigfoot"). Id. at 1-6. Plaintiffs' suit includes claims for breach of contract, anticipatory

1

repudiation, breach of the implied duty of good faith and fair dealing, and unjust enrichment as well as a demand for interest, penalties, and attorneys' fees. Id. at 6-10.

On November 19, 2022, Defendants answered and filed a counterclaim for actual and constructive fraud, fraudulent inducement, rescission, breach of contract, unjust enrichment, and civil conspiracy. [ECF No. 8] That same day, Defendants moved to change venue to the Eastern District of Oklahoma. [ECF No. 9]. Plaintiffs are resident citizens of Oklahoma. [ECF No. 25] at 2. As is Bigfoot, the corporate entity whose stock transfer is the subject of this controversy. [ECF No. 1] at 2. Defendants Joseph Sewell, Logan Sewell, Sewell Investments, LLC, and Hard Times Plantation, Inc., are citizens of Mississippi. [ECF No. 25] at 2-3. Defendant Moss Grove Plantation, LLC, is a citizen of Mississippi and Louisiana. Id. at 4. Defendant Colorado Buck Family, LP, is a citizen of Texas. Id. at 3-4.

II. Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine whether venue transfer is appropriate under § 1404(a), the Fifth Circuit has

2

adopted several private and public interest factors. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II").

The private interest factors include (1) the availability of compulsory process to secure the attendance of witnesses; (2) the cost of attendance for willing witnesses; (3) the relative ease of access to sources of proof; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems with conflict of law. Id.

A plaintiff's choice of venue is not an express factor in the analysis. Seven Networks, LLC v. Google LLC, 2:17-CV-00442-JRG, 2018 WL 4026760, at *2 (citing Volkswagen II, 545 F.3d at 315). However, a moving defendant must demonstrate that the proposed venue is clearly more convenient that the original venue. Id. (citing Volkswagen II, 545 F.3d at 315). By applying this heightened standard, the plaintiff's choice of forum is given the appropriate deference. Id. (citing Volkswagen II, 545 F.3d at 315). "[W]hen the transferee venue is not clearly more

3

convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." Volkswagen II, 545 F.3d at 315.

   III. Analysis

Defendants argue that the Court should transfer this case to the Eastern District of Oklahoma because venue is "more proper" in that court and that transfer is supported by "[a]ll of the private and public interest factors." [ECF No. 10] at 10.

   a. Venue

The general federal venue statute, 28 U.S.C. § 1391, governs "all civil actions brought in the district courts of the United States" unless "otherwise provided by law." 28 U.S.C. § 1391(a). Section 1391 provides that an action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Id. at § 1391(b).

Defendants aver that Plaintiff's justification for venue in the Southern District of Mississippi, that a "substantial part of the events or omissions giving rise to the claims asserted occurred in this district, and because property serving as collateral is located within this district," is a "spurious and self-serving allegation" that "ought to be accorded little deference, if any." [ECF No. 1] at 2; [ECF No. 10] at 9-10.

"[T]here can be more than one district in which a substantial part of the events giving rise to the claim occurred." Globe Glass & Mirror Co. v. Brown, 888 F. Supp. 768, 770 (E.D. La. 1995) (quoting Wright & Miller, Federal Practice and Procedure: Civil 2d § 3806 (1994 supp.)).

Although the contract in controversy regarded an Oklahoma company with Oklahoma-based operations and assets, this cannot be considered a solely Oklahoman controversy. [ECF No. 10] at 9. Five of the six defendants are domiciled in Mississippi; commercial security agreements encumbering Mississippi property were executed to provide collateral for the agreement at issue; and the agreement at issue was undisputedly negotiated in part in Mississippi and was executed in Mississippi by all the Defendants. [ECF No. 19] at 11.

Venue is proper in this district by merit of the contract negotiations having occurred in this district and that financing

5

came from this district. Ross v. Digioia, No. CIV.A. 11-1827, 2012 WL 72703, at *4 (E.D. La. Jan. 10, 2012). See, e.g., Fox v. Dream Trust, 743 F.Supp.2d 389, 396 (D.N.J.2010) (holding that negotiations regarding a loan conveyed through a third party to a party within the forum was sufficient to make the forum a proper venue under Section 1391(a)(2)); Promero v. Mammen, 2002 WL 31455970, at *8 (N.D. Ill. Nov. 1, 2002) (finding that a substantial portion of events giving rise to plaintiff's claims occurred in Illinois when the defendant engaged in discussions related to the contract while in Illinois, contract negotiations involved various communications to and from Illinois and the subject of the contract was a potential investment in Illinois); Computer Express Int'l Ltd. v. MicronPC LLC, 2001 WL 1776162, at *4 (E.D.N.Y. Dec. 21, 2001) (determining that venue was proper under Section 1391(a)(2) in part because numerous communications concerning the terms of sale either originated in the district or were made to the plaintiffs in the district); Etienne v. Wolverine Tube, Inc., 12 F.Supp.2d 1173, 1181 (D.Kan.1998) (holding that venue was proper in Kansas, even though the contract was to be performed in Alabama, when the negotiation and execution of the contract took place through communications directed into Kansas).

Having determined that venue is proper in this district, the Court will now inquire as to whether the Eastern District of

Oklahoma is "clearly more convenient than the venue chosen by the plaintiff" or whether "the plaintiff's choice should be respected." Volkswagen II, 545 F.3d at 315. None of the private or public interest factors "can be said to be of dispositive weight." Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004).

    b. Private Interest Factors

The private interest factors include (1) the availability of compulsory process to secure the attendance of witnesses; (2) the cost of attendance for willing witnesses; (3) the relative ease of access to sources of proof; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Volkswagen II, 545 F.3d at 315.

    1. Availability of compulsory process to secure the attendance of witnesses

Defendants argue that this factor favors transfer because the Court cannot compel the attendance of nonparty witnesses who reside more than 100 miles away from the federal courthouse in Natchez. See Fed. R. Civ. P. 45(c)(1)(A)-(B)(ii); [ECF No. 10] at 12. Defendants anticipate this limitation will impair their ability to call witnesses and to secure evidence located in Oklahoma. [ECF No. 10] at 12.

However, this significant factor mainly applies to compulsory process over unwilling, nonemployee witnesses. All. Transportation & Logistics, LLC v. G&J Truck Sales, Inc., No. 3:20-CV-3451-B, 2021 WL 5882820, at *3 (N.D. Tex. Dec. 13, 2021); EEOC v. Faurecia Auto. Seating, LLC, 2017 WL 4158624, at *4 (N.D. Miss. Sept. 19, 2017).

Further, the Court notes that Defendants have failed to identify any particular unwilling witnesses. [ECF No. 27] t 10-11. Defendant listed eight possible witnesses are who either unable, unwilling, or likely to be unfairly prejudiced, though did not identify one specific witness who is totally unwilling. Id. "When no party has alleged or shown any witness's unwillingness [to testify], a court should not attach much weight to the compulsory process factor." Turner v. Cincinnati Ins. Co., 2020 WL 210809, at *3 (W.D. Tex. Jan. 14, 2020). See, e.g., Faurecia, 2017 WL 4158624, at *4(finding the compulsory process factor neutral when the movant "failed to show that any of the prospective witnesses would be unwilling to testify absent a subpoena").

As such, this factor does not weigh in favor of changing venue. Id. Additionally, even less weight will be accorded to this factor because many of the non-party witnesses outside of Mississippi were employed by Bigfoot as Defendant's employees or

8

provided Defendants' professional services. McCombs v. Am. Airlines, Inc., 2017 WL 2805109, at *3 (S.D. Miss. June 28, 2017); [ECF No. 27] at 5-7; See also, Diamond Grading Techs. Inc. v. Am. Gem Soc'y, No. 2:14-CV-1161-RWS-RSP, 2016 WL 1271568, at *6 (E.D. Tex. Mar. 31, 2016)(finding this factor as neutral despite the presence of former employees in the other forum's district); Barnes v. Romeo Papa, LLC, No. 3:12-CV-365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013)(refusing to transfer venue despite presence of former employee in the other forum's district as transfer would "run the risk of merely reallocating inconvenience to the transferee district"(citing Emanuel v. SPX Corp./OTC Tools Div., No. 6:09-CV-220, 2009 WL 3063322 at *6 (E.D.Tex. Sept.21, 2009)).

2. Cost of attendance for willing witnesses

Defendants argue that Plaintiffs "and all but two of the nonparty witnesses are roughly 483-miles away from this District, in Oklahoma," and as such, litigating in this forum would add considerable inconvenience and cost to this action. [ECF No. 10] at 11.

This factor does not weigh in favor of transfer, however, because some travel will be required on either side because of the interstate nature of this controversy. See e.g., MGT Gaming, Inc. v. WMS Gaming, Inc., 978 F. Supp. 2d 647, 673 (S.D.

9

Miss. 2013) (finding that this factor did not weigh in favor of transfer when a particular witness would be required to travel a significant distance to either potential forum).

Additionally, Defendants Joseph Sewell and Logan Sewell both reside within twenty miles of this courthouse. [ECF No. 19] at 4. Further, Defendants Hard Times Plantation, Inc. and Moss Grove Plantation, LLC, were both served process within two blocks of the courthouse. Id. It is also reasonable to assume that because the contract in dispute was negotiated in Mississippi and its financing originated in Mississippi that there very well could be additional non-party witnesses from Mississippi. This factor is markedly neutral.

3. Relative ease of access to sources of proof

Defendants argue that the documentation and physical evidence surrounding the conflict exists solely in Oklahoma. [ECF No. 10] at 11-12. Defendants specifically point to bookkeeping, employment, tax, and banking records as well as equipment subject to the transaction and its financial professionals. Id.

However, Plaintiffs note that "Defendants' banking records and financial records are presumably partially located within the Southern District of Mississippi based on Defendants' residence, as well as the execution of the Agreement at issue

10

taking place at United Mississippi Bank in Natchez." Defendants confirmed that the banking records pertaining to the loan that Joseph Sewell took out to purchase Bigfoot are located in Mississippi. See Crestview Farms, LLC v. Cambiaso, 2021 WL 2434845, at *7 (N.D. Tex. June 15, 2021) ("[w]here important documents are in both venues, this factor does not weigh in favor of transfer.")

The location of records is typically afforded little weight. Faurecia, 2017 WL 4158624, at *3; Moreno v. Poverty Point Produce, Inc., 243 F.R.D. 265, 273 (S.D. Tex. 2007). Here, the likelihood that records exist in both judicial districts and the disputed relevance of equipment inspections and financial professionals to this action do not lend credence that the Eastern District of Oklahoma is clearly more convenient that the Southern District of Mississippi. Volkswagen II, 545 F.3d at 315.

4. All other practical problems that make trial of a case easy, expeditious, and inexpensive

This catchall private interest factor examines "all other practical problems that make trial of a case easy, expeditious and inexpensive." Volkswagen II, 545 F.3d at 315. Under this factor, Defendants generally argue that this judicial district is less convenient and likely more expensive a forum than the

11

Eastern District of Oklahoma. [ECF No. 10] at 13; [ECF No. 27] at 11-12. However, the standard for transfer requires "evidence and arguments that clearly establish good cause for transfer based on convenience and justice." Def. Distributed v. Bruck, 30 F.4th 414, 433 (5th Cir. 2022). Defendants fail to meet that standard as to this final private interest factor.

### c. Public Interest Factors

The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems with conflict of law. Volkswagen II, 545 F.3d at 315.

### 1. Administrative difficulties flowing from court congestion

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. In re Genentech Inc., 566 F.3d 1338, 1347 (Fed. Cir. 2009). To measure congestion, courts often look to the median interval time between filing a case to disposition. Bennett v. Moran Towing Towing Corp., 181 F. Supp. 3d 393, 401 (S.D. Tex. 2016). This factor weighs squarely in favor of denying transfer. Defendants acknowledge that this district has a briefer median interval time for case disposition. [ECF No. 10] at 13-14.

2. Local interest in having localized interests decided at home

For this factor, Defendants largely reprise their earlier arguments that Mississippi has no relationship to this action, and as such, has no interest in its outcome. [ECF No. 10] at 13-14; [ECF No. 27] at 12-13. The Court has already acknowledged that venue is proper in this forum because of its many connections to this action: the parties negotiated the contract in Mississippi, the agreement was financed through Mississippi, and five of the six Defendants are residents of Mississippi. [ECF No. 19] at 11. As such, Mississippi has just as large an interest in this litigation as Oklahoma. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).

3. Familiarity of the forum with the law that will govern the case & avoidance of unnecessary problems with conflict of law

Defendants argue that because Plaintiffs request that the Court apply the choice of law provision stated in the contract, which requires using Oklahoma law, that these two factors regarding choice of law and this forum's familiarity with the governing law favor transfer to the Eastern District of Oklahoma. [ECF No. 10] at 15.

These factors play an insignificant role in our analysis because (1) Defendants failed to establish that this Court is unable or unwilling to apply Oklahoma law and (2) there is a choice of law provision in the contract in dispute. See Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir.2004) (affirming refusal to transfer and noting that defendant failed to "establish that the Mississippi district court was either unable or unwilling to apply Tennessee law"); TDK Acct. & Tax Servs., LLC v. JPMorgan Chase Bank, N.A., No. CIVA3:09CV563DPJFKB, 2010 WL 1416209, at *7 (S.D. Miss. Apr. 7, 2010)("Finally, the Court finds that the need to avoid unnecessary problems of conflict of laws or the application of foreign law is mitigated by the choice of law provision of the Agreement.")

Although this case calls for the application of Oklahoma law, "the mere application of the laws of another jurisdiction, a task which this Court is frequently called upon to perform, is not sufficient to warrant transfer of this action." Frazier v. Commercial Credit Equip. Corp., 755 F. Supp. 163, 165 (S.D. Miss. 1991). Further, the Court anticipates no issues regarding conflict of laws because of the choice of law provision. JPMorgan Chase Bank, 2010 WL 1416209, at *7.

    IV.   Conclusion

"When a defendant is haled into court, some inconvenience is expected and acceptable. Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." Def. Distributed v. Bruck, 30 F.4th 414, 433 (5th Cir. 2022).

In this case, both Plaintiffs and Defendants will be inconvenienced to some degree by the very occurrence of this action and its interstate nature. However, Defendants have failed to prove that the Eastern District of Oklahoma is "clearly more convenient" than the forum chosen by Plaintiffs. Volkswagen II, 545 F.3d at 315. Therefore, Plaintiffs' choice of venue should be respected. Id.

For the foregoing reasons, the Defendants' Motion [ECF No. 9] shall be DENIED.

ACCORDINGLY,

IT IS HEREBY ORDERED that the Defendants' Motion to Change Venue pursuant to 28 U.S.C. § 1404 [ECF No. 9] is DENIED.

SO ORDERED, this 15th day of February, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE